IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TWO TENNESSEE, LLC, and                                                                            PLAINTIFFS
RAZORBACK CONCRETE COMPANY

v.                                            No. 3:06CV00063 JLH

CITY OF NORTH LITTLE ROCK, ARKANSAS;
MARTIN GIPSON, CHARLIE HIGHT, GARY
BERRY, and NEIL BRYANT, in Their Official
Capacities and as Members of the City Council of
North Little Rock, Arkansas, and Individually                                                      DEFENDANTS

**OPINION AND ORDER**

The complaint in this case alleges that the North Little Rock City Council refused to correct an erroneous zoning designation for property that Razorback Concrete Company sought to purchase and Two Tennessee, LLC, ultimately purchased; and, by that refusal, the defendants impaired a contractual obligation in violation of the Constitution, took property without paying just compensation, deprived the plaintiffs of equal protection of the laws, and violated the plaintiffs' right to substantive due process. The defendants now move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In ruling on a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff and accepts the allegations in the complaint as true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)). "'[A]s a practical matter, dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the

complaint that there is some insuperable bar to relief.'" *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir.1997)). In other words, a motion to dismiss should be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Schmedding*, 187 F.3d at 864.

The complaint alleges that Razorback Concrete, an Arkansas corporation with its principal place of business in West Memphis, Arkansas, sought to purchase a parcel of land in North Little Rock known as the Tullos property for use as a concrete plant; and that Two Tennessee, a Tennessee limited liability company with its principal place of business in Memphis, Tennessee, ultimately purchased the property.

According to the complaint, in 1985, before the property had been put to any significant use, the city council zoned the property R4/Conservation (residential). In 1997, the city council rezoned the property I-2 (industrial) in response to the owner's objections to the property's residential zoning. In 2005, the city council adopted a zoning ordinance ("Ordinance #7697") that amended the zoning rules and established a digital zoning map for general use. The map, as adopted, mistakenly showed the Tullos property to be zoned as R4/Conservation rather than I-2. Noting the error and the potential for litigation because that the property was under contract for sale, the city attorney recommended that the city council correct the designation. The complaint alleges that Eugene Pfeifer spoke out against the proposed corrective legislation at a city council meeting, allegedly arguing that North Little Rock residents did not want a West Memphis business operating at that location and urging the city council "to vote against plaintiffs because they were 'outsiders.'" The defendants refused to correct the error in the zoning map. Razorback Concrete and Two Tennessee allege that the decision not to correct the error had no legal or rational basis, was made with the intent to deprive them of their rights, and was motivated by ill will, spite, and malice towards them

because they were not natives of North Little Rock and by an unlawful desire to benefit Pfeifer, who also sought to purchase the property.

The defendants argue that the complaint fails to state a claim under the Contracts Clause, the Takings Clause, the Due Process Clause, or the Equal Protection Clause of the United States Constitution. They further assert that the complaint gives no notice of any state-law claim and that the individual defendants are entitled to legislative immunity from suit in their individual capacities.

## **Contracts Clause**

Article I, § 10 of the Constitution of the United States provides, "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." When analyzing a claim under the Contracts Clause, courts "first ask whether the change in state law has operated as a substantial impairment of a contractual relationship." *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186, 112 S. Ct. 1105, 1109, 117 L. Ed. 2d 328 (1992) (quotations and citation omitted). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." *Id*.

The defendants argue that Razorback Concrete and Two Tennessee fail on the second prong of the analysis because (1) the action of which they complain is not a change in the law and (2) it does not impair their contractual relationship in that it does not act on any contract itself. That argument is correct. The city council did not impair a contractual obligation. To impair a contractual obligation within the meaning of the Contracts Clause, "the challenged law must act on the contract itself as distinguished from the property which is the subject of the contract." *Metro. St. Louis Sewer Dist. v. Ruckelshaus*, 590 F. Supp. 385, 389 (E.D. Mo.1984). *See also Quality Refrigerated Servs., Inc. v. City of Spencer*, 908 F. Supp. 1471, 1492 (N.D. Iowa 1995); *Bannum, Inc. v. City of St. Charles, Mo.*, No. 90-0667-C(4), 1992 WL 521779, *4 (E.D. Mo. Oct. 15, 1992),

*aff'd*, 2 F.3d 267 (8th Cir. 1993) (citations omitted). Modification of the contract itself, for example, an alteration of an express term of or obligation under a contract, constitutes an impairment, whereas an indirect or incidental effect upon the subject of a contract does not. *See Northwestern Nat'l Life Ins. Co. v. Tahoe Reg'l Planning Agency*, 632 F.2d 104 (9th Cir. 1980).

The defendants cite *Quality Refrigerated* in support of their argument. In that case, the plaintiff entered into a written agreement with the city for acquisition and development of an industrial facility for use as a refrigerated warehouse and processing plant. *Quality Refrigerated*, 908 F. Supp. at 1478. At the time of the agreement, the property was located in an area zoned "heavy industrial," which allowed for all of the facility's intended uses. *Id*. After some time, the city changed the zoning designation to "highway commercial," which affected one of the uses for which the plaintiff was to lease its facility. *Id*. at 1479. The plaintiff applied for rezoning and the city denied the application. *Id*. Concerning a proposed contracts clause claim, the court held:

> The zoning regulation in this matter did not alter the terms of the contract between Quality Refrigerated and the City of Spencer, but simply affected the uses which could be made of the Spencer Pack facilities. Thus, the zoning regulation's only effect is on the property which is the subject matter of the contract. . . . [T]he City of Spencer's actions may have made performance of the contract less profitable and less likely, but this gives rise only to an action between the parties for breach of contract – not a constitutional claim. Thus, the court concludes that Defendants have not substantially impaired an extant contract with Quality Refrigerated.

*Id*. at 1493.

In a similar case, a plaintiff who had received a federal contract to operate a community corrections center in the city alleged that the city unlawfully denied zoning to allow that use. *Bannum*, 1992 WL 521779, at *1. The court held that, insofar as the complaint alleged a violation of the Contracts Clause, it failed to state a claim because "[t]he zoning ordinance acted solely on the property, not on the terms of the contract . . . ." *Id*. at *4.

Razorback Concrete and Two Tennessee cite no authority that shows that the facts they have alleged, if true, would constitute a violation of the Contracts Clause. Here, as in *Quality Refrigerated* and *Bannum*, the defendants' action (or inaction) had no effect on contractual obligations that the plaintiffs had towards another person or vice versa; it had no direct effect on the contractual obligations between Razorback Concrete and the seller, assuming they had a contract, nor on the contractual obligations between Two Tennessee and the seller. The unchanged zoning designation restricted the use of the property but did not impair the obligation of a contract. The complaint fails to state a claim "showing that the pleader is entitled to relief" on the Contracts Clause claim as required by Rule 8(a).

For these reasons, the motion to dismiss the Contracts Clause claim is granted. The Contracts Clause claim is dismissed without prejudice.

## **Equal Protection**

The Fourteenth Amendment provides that no state shall deny to any person "equal protection of the laws." U.S. CONST. amend. XIV, §1. The Supreme Court has recognized that an equal protection claim may be alleged by a "class of one" where the complaint alleges that the plaintiff was intentionally treated differently from others similarly situated and no rational basis existed for the different treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (that village demanded more of the plaintiff than of similarly situated property owners could constitute an equal protection violation since it was alleged that demand was "irrational and wholly arbitrary").

The defendants argue that Razorback Concrete and Two Tennessee do not allege that the defendants treated similarly situated persons more favorably. They contend that, because Razorback Concrete and Two Tennessee fail to allege that other concrete companies were treated more

favorably with regard to zoning, the claim fails.

Because the present motion is a motion to dismiss under Rule 12(b)(6), whether Razorback Concrete and Two Tennessee can prove that they have been denied equal protection of the laws is not for the court to say: the inquiry focuses solely on the complaint. The complaint alleges that Razorback Concrete and Two Tennessee "were singled out by defendants for disparate treatment." The complaint does not allege with any particularity the class of persons against whom Razorback Concrete and Two Tennessee compare themselves for purposes of judging similarity, but no "insuperable bar to relief" appears on the face of the complaint. *Gebhardt*, 335 F.3d at 829.

In light of *Olech*, the complaint here states an equal protection claim. The motion to dismiss the equal protection claim is denied.

## **Takings Clause**

The Fifth Amendment prohibits the taking of private property for public use without just compensation. U.S. CONST. amend. V. The Supreme Court applies this clause to the states. *See Kelo v. City of New London, Conn.*, 545 U.S. 469, 175 S. Ct. 2655, 2662, 162 L. Ed. 2d 439 (2005). Razorback Concrete and Two Tennessee allege that the defendants' actions constitute an unlawful taking of their property. The defendants contend that this claim is not ripe because Razorback Concrete and Two Tennessee have not used state procedures through which they might secure just compensation.

"[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S. Ct. 3108, 3121, 87 L. Ed. 2d 126 (1985). *See also Koscielski v. City of Minneapolis*, 435 F.3d 898, 903 (8th Cir. 2006). Razorback Concrete and Two

Tennessee do not dispute the application of this principle to their claim but contend that they should be permitted to supplement their federal claims with a state-law inverse condemnation claim.[1]

Because the defendants have not filed an answer, the plaintiffs do not need leave to amend the complaint. Leave to amend is required only after a responsive pleading has been served. FED. R. CIV. P. 15(a). A motion to dismiss is not a responsive pleading. *See Winfrey v. Brewer*, 570 F.2d 761, 764 n.4 (8th Cir. 1978) (explaining FED R. CIV. P. 15(a)). *See also* FED R. CIV. P. 7 (identifying which papers are "pleadings" under the Federal Rules of Civil Procedure and distinguishing "pleadings" from "motions and other papers"). The plaintiffs then are free at this time to amend their complaint to state this or any other state-law claim they wish to assert. At the conclusion of this opinion, the Court will impose a deadline for filing an amended complaint. The Court offers no opinion as to whether an amended complaint will survive another motion to dismiss. If leave of the Court were required, Local Rule 5.5(e) would require a motion with the proposed pleading attached, and, in that case, the court would judge the legal sufficiency of the amended pleading; but, here, leave is not required, so the provisions of Local Rule 5.5(e) do not apply.

**Due Process**

The plaintiffs allege that the defendants violated their due process rights. The defendants argue that due process is satisfied in this case because Arkansas affords meaningful and adequate procedures to remedy the plaintiffs' complaints. The plaintiffs do not take issue with this argument. Instead, they respond that they have properly asserted a violation of their substantive due process

---

[1] The plaintiffs contend, in the alternative, that Two Tennessee should be allowed to bring its claim on the basis of diversity jurisdiction because Two Tennessee is diverse from the defendants and damages exceed the statutory minimum. Diversity jurisdiction requires "complete" diversity. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." *Capitol Indem. Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004).

rights. Courts have recognized substantive due process rights as distinct from procedural due process rights. *See Koscielski*, 435 F.3d at 902-03; *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1103-04 (8th Cir. 1992). Because the defendants' arguments address only the sufficiency of a claim of procedural due process, which is not asserted here, the court denies the motion to dismiss the plaintiffs' due process claim.

## Legislative Immunity

The defendants contend that the individual defendants, Gipson, Hight, Berry, and Bryant, are entitled to absolute immunity for their actions because they acted in a legislative function. It is well settled that "[a]bsolute legislative immunity protects legislators from suit for actions taken in furtherance of legitimate legislative activity." *Hinshaw v. Smith*, 436 F.3d 997, 1008 (8th Cir. 2006). Razorback Concrete and Two Tennessee recognize this general principle but argue that the city council members' acts were ministerial or executive in nature, not legislative.

According to the Supreme Court, "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S. Ct. 966, 973, 140 L. Ed. 2d 79 (1998). In *Bogan*, the plaintiff sued city officials for voting to eliminate the city department in which she worked, alleging that their action was motivated by racial animus and in retaliation against the exercise of First Amendment rights. *Id.* at 47, 118 S. Ct. at 969. The Court of Appeals, emphasizing the fact that the defendants had relied on matters relating to the plaintiff and devised an ordinance that targeted her and treated her differently from other employees, held that such action is not legislative. *Scott-Harris v. City of Fall River*, 134 F.3d 427, 441 (1st Cir. 1997), *rev'd*, 523 U.S. 44, 118 S. Ct. 966. The Supreme Court reversed, holding that the Court of Appeals had erroneously relied upon subjective intent rather than the nature of the act. *Bogan*, 523 U.S. at 54, 118 S. Ct. at 972-73. In determining the nature of the act, the Supreme

Court primarily directed its attention to the form of the act. The court held that, in form, the nature of an act of voting for or against a city ordinance was "quintessentially legislative." *Id*. at 55, 118 S. Ct. at 973. The court declined to decide whether form alone could determine the nature of an act because the act in that case was substantively legislative as well. *Id*. at 55-56, 118 S. Ct. at 973. *Cf. Hinshaw*, 436 F.3d at 1008 (introducing a bill is "quintessentially legislative"); *Alcierno v. Cloutier*, 40 F.3d 597, 613 (3d Cir. 1994) (down-zoning a single parcel may be legislative if the council is acting in a policy-making manner); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1119-20 (8th Cir. 1989) (voting at a special meeting not to appropriate funds to defend an alderman was executive, not legislative); *Thornbury Noble, Ltd. v. Thornbury Township*, No. CIV. A. 99-6460, 2002 WL 442827, at *11-12 (E.D. Pa. March 20, 2002) (rejecting a rezoning request was neither procedurally nor substantively legislative).

In *Bogan*, the Supreme Court decided whether the action was legislative or executive in nature after trial, so the Court had a full record upon which to base that determination. Here, the Court has only a few allegations in a sparsely pled complaint. The complaint says nothing other than that the defendants refused to correct the error on the zoning map and did so for bad motives (which are irrelevant to the immunity issue). The complaint is insufficient to inform the Court of whether the form or the substance of the action (or inaction) by the defendants was legislative. Was an ordinance presented? If so, were the formalities for presenting an ordinance observed? Was there a formal vote? Did the events occur at a regular meeting of the city council? Was the city council acting on an administrative recommendation by the planning commission, on an appeal from a decision of the commission, or in some other context? The complaint fails to answer these questions and others that are relevant to the issue of legislative immunity. Thus, the Court has no information as to whether the requirements for adopting ordinances were followed, so the Court cannot ascertain

whether the action was legislative in form; nor does the Court have information to ascertain whether the substance of the action (or inaction) was administrative rather than legislative.

The Court is mindful that the immunity at issue is immunity from suit, not merely immunity from damages, and that the issue should be decided as early as possible.  *Cf. Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001).  Nevertheless, the information before the Court is insufficient to show whether the action (or inaction) was legislative or administrative in nature.  Therefore, the motion to dismiss the individual defendants because they have legislative immunity is denied without prejudice to the right of these defendants to renew the motion by way of a motion for summary judgment or at trial.

### Tortious Interference and Conspiracy

In response to the motion to dismiss, Razorback Concrete and Two Tennessee contend that the complaint alleges common-law claims of tortious interference and conspiracy or, if it does not properly give notice of these claims, seek leave to amend the complaint to add these claims.  The complaint states that the Court has supplemental jurisdiction over state-law claims, but it does not give notice as to the nature of those claims, as required by Rule 8 of the Federal Rules of Civil Procedure.  *See N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004). In reviewing the complaint, the Court cannot ascertain what state-law claims the plaintiffs intend to assert.  As stated above, leave to amend is not required because no responsive pleading has been served.  However, because the complaint does not give fair notice of the state-law claims, the Court will order the plaintiffs to file an amended complaint if they intend to assert state-law claims and to identify those state-law claims by name so that there can be no issue as to whether the defendants have been given fair notice of the claims against them.

**CONCLUSION**

The defendants' motion to dismiss is granted in part and denied in part. Document #2. The plaintiffs' claim that the defendants violated the Contracts Clause of the Constitution of the United States is dismissed without prejudice. The defendants' motion to dismiss is denied as to all other claims. If the plaintiffs intend to pursue claims under state law, whether in tort or for inverse condemnation, they must file an amended complaint on or before September 15, 2006, and they must identify their causes of action by name. If they fail to file an amended complaint on or before September 15, 2006, their state-law claims and the Takings Clause claim will be dismissed. The time within which the defendants must file an answer is stayed. The defendants must answer or otherwise respond within ten days after the amended complaint is served, or, if no amended complaint is filed by 5:00 p.m. on September 15, 2006, within ten days thereafter.

IT IS SO ORDERED this 23rd day of August, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE