IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TWO TENNESSEE, LLC, and                                                                PLAINTIFFS
RAZORBACK CONCRETE COMPANY

v.                                    No. 3:06CV00063 JLH

CITY OF NORTH LITTLE ROCK, ARKANSAS;
MARTIN GIPSON, CHARLIE HIGHT, GARY
BERRY, and NEIL BRYANT, in Their Official
Capacities and as Members of the City Council of
North Little Rock, Arkansas, and Individually                                        DEFENDANTS

**OPINION AND ORDER**

The defendants have filed a motion for summary judgment in which they ask for summary judgment on all of plaintiffs' claims or, in the alternative, for determination that the individual defendants are immune from suit. In denying a motion to dismiss on the immunity issue, this Court previously explained:

**Legislative Immunity**

The defendants contend that the individual defendants, Gipson, Hight, Berry, and Bryant, are entitled to absolute immunity for their actions because they acted in a legislative function. It is well settled that "[a]bsolute legislative immunity protects legislators from suit for actions taken in furtherance of legitimate legislative activity." *Hinshaw v. Smith*, 436 F.3d 997, 1008 (8th Cir. 2006). Razorback Concrete and Two Tennessee recognize this general principle but argue that the city council members' acts were ministerial or executive in nature, not legislative.

According to the Supreme Court, "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S. Ct. 966, 973, 140 L. Ed. 2d 79 (1998). In *Bogan*, the plaintiff sued city officials for voting to eliminate the city department in which she worked, alleging that their action was motivated by racial animus and in retaliation against the exercise of First Amendment rights. *Id*. at 47, 118 S. Ct. at 969. The Court of Appeals, emphasizing the fact that the defendants had relied on matters relating to the plaintiff and devised an ordinance that targeted her and treated her differently from other employees, held that such action is not legislative. *Scott-Harris v. City of Fall River*, 134 F.3d 427, 441 (1st Cir. 1997), *rev'd*, 523 U.S. 44, 118 S. Ct. 966. The Supreme Court reversed, holding that the Court of Appeals had

erroneously relied upon subjective intent rather than the nature of the act. *Bogan*, 523 U.S. at 54, 118 S. Ct. at 972-73. In determining the nature of the act, the Supreme Court primarily directed its attention to the form of the act. The court held that, in form, the nature of an act of voting for or against a city ordinance was "quintessentially legislative." *Id*. at 55, 118 S. Ct. at 973. The court declined to decide whether form alone could determine the nature of an act because the act in that case was substantively legislative as well. *Id*. at 55-56, 118 S. Ct. at 973. *Cf. Hinshaw*, 436 F.3d at 1008 (introducing a bill is "quintessentially legislative"); *Alcierno v. Cloutier*, 40 F.3d 597, 613 (3d Cir. 1994) (down-zoning a single parcel may be legislative if the council is acting in a policy-making manner); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1119-20 (8th Cir. 1989) (voting at a special meeting not to appropriate funds to defend an alderman was executive, not legislative); *Thornbury Noble, Ltd. v. Thornbury Township*, No. CIV. A. 99-6460, 2002 WL 442827, at *11-12 (E.D. Pa. March 20, 2002) (rejecting a rezoning request was neither procedurally nor substantively legislative).

In *Bogan*, the Supreme Court decided whether the action was legislative or executive in nature after trial, so the Court had a full record upon which to base that determination. Here, the Court has only a few allegations in a sparsely pled complaint. The complaint says nothing other than that the defendants refused to correct the error on the zoning map and did so for bad motives (which are irrelevant to the immunity issue). The complaint is insufficient to inform the Court of whether the form or the substance of the action (or inaction) by the defendants was legislative. Was an ordinance presented? If so, were the formalities for presenting an ordinance observed? Was there a formal vote? Did the events occur at a regular meeting of the city council? Was the city council acting on an administrative recommendation by the planning commission, on an appeal from a decision of the commission, or in some other context? The complaint fails to answer these questions and others that are relevant to the issue of legislative immunity. Thus, the Court has no information as to whether the requirements for adopting ordinances were followed, so the Court cannot ascertain whether the action was legislative in form; nor does the Court have information to ascertain whether the substance of the action (or inaction) was administrative rather than legislative.

The Court is mindful that the immunity at issue is immunity from suit, not merely immunity from damages, and that the issue should be decided as early as possible. *Cf. Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). Nevertheless, the information before the Court is insufficient to show whether the action (or inaction) was legislative or administrative in nature. Therefore, the motion to dismiss the individual defendants because they have legislative immunity is denied without prejudice to the right of these defendants to renew the motion by way of a motion for summary judgment or at trial.

The motion for summary judgment is supported with certified copies of the records from the

planning commission and the city council. Those records show that the form and substance of the action by the defendants was legislative in nature. An ordinance was presented to amend the city's comprehensive zoning ordinance, which mistakenly zoned the property in question as R-4 rather than I-2. The minutes of the city council meeting of November 14, 2005, show that the planning commission recommended that concrete manufacturing be allowed in I-3 zones and as a conditional use in I-2 zones. The city council conducted a formal vote at a regular meeting. The minutes reflect that there were issues regarding the effect that the plaintiffs' proposed concrete plant would have on the surrounding area. The issue before the city council was larger than merely correcting a scrivener's error; it was a policy issue regarding land use planning for an area of the city. Hence, the formalities for adopting or rejecting an ordinance were preserved, and the city council acted in a policy-making manner. Therefore, the members of the city council are absolutely immune from suit.

Although the motion for summary judgment is supported by certified copies of the records from the planning commission and the city council, it is not supported by affidavits, depositions, answers to interrogatories, or any other form of sworn testimony that would meet the defendants' burden of showing that there is no genuine issue of material fact as to plaintiffs' claims that the city violated their substantive due process rights or their right to equal protection of the laws. Therefore, summary judgment is denied as to those claims. *Celotex Corp. v. Catrett*, 478 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Although, as *Celotex* states, a motion for summary judgment need not always be supported by affidavits or other forms of sworn testimony, it is still the moving party's burden in the first instance to show that there is no genuine issue of material fact. The city has not met that burden.

The amended complaint also attempts to allege a claim for tortious interference with a contract or business expectancy. *See* para. 25. Other than to say, mistakenly, that the amended

complaint fails to allege a state-law claim by name, the defendants' brief does not address that claim, so neither will this Opinion and Order.

## CONCLUSION

The motion for summary judgment on behalf of Martin Gipson, Charlie Hight, Gary Berry, and Neil Bryant is GRANTED because those individual defendants are absolutely immune from suit. The motion for summary judgment is DENIED as to claims against the City of North Little Rock because the City has failed to support its motion for summary judgment in such a manner as to show that there is no genuine issue of material fact as to the claims against it.  Document #23.

IT IS SO ORDERED this 29th day of November, 2006.

*/s/ J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE